# U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: <u>8:24−cv−00331−RFR−JMD</u>
### *Internal Use Only*

| | |
|---|---|
| St. Thomas Group, Inc. v. Lane et al | Date Filed: 08/25/2024 |
| Assigned to: Chief Judge Robert F. Rossiter, Jr. | Jury Demand: None |
| Referred to: Magistrate Judge Jacqueline M. DeLuca | Nature of Suit: 290 Real Property: Other |
| Demand: $1,000,000 | Jurisdiction: Diversity |
| Cause: 42:1982 Property Rights of Citizens | |

**Plaintiff**

**St. Thomas Group, Inc.**     represented by     **Thomas C. Dorwart**
DORWART LAW FIRM
7305 Main Street
Ralston, NE 68127
402−672−0083
Email: tomdorwart@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vitaly Ekwen**     represented by     **Thomas C. Dorwart**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Scott Lane**     represented by     **David J. Grauman**
*TERMINATED: 01/06/2025*
CITY ATTORNEY'S OFFICE − OMAHA
1819 Farnam Street
Suite 804, Omaha/Douglas Civic Center
Omaha, NE 68183
402−444−5127
Email: david.grauman@cityofomaha.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin Mulcahy**     represented by     **David J. Grauman**
*TERMINATED: 01/06/2025*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Benson**

**Defendant**

**Steve Anderson**
*TERMINATED: 01/06/2025*

represented by **David J. Grauman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jean Stothert**
*Mayor*
*TERMINATED: 01/06/2025*

represented by **David J. Grauman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Champion**
*TERMINATED: 01/06/2025*

represented by **David J. Grauman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyler Dewaele**
*TERMINATED: 01/06/2025*

represented by **David J. Grauman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Kirwan**
*Captain*
*TERMINATED: 01/06/2025*

represented by **Ryan M. Kunhart**
DVORAK LAW GROUP
9500 West Dodge Road
Suite 100
Omaha, NE 68114
(402) 934–4770
Fax: (402) 933–9630
Email: rkunhart@ddlawgroup.com
*ATTORNEY TO BE NOTICED*

**Alison C. Griffith**
DVORAK LAW GROUP
9500 West Dodge Road
Suite 100
Omaha, NE 68114
402–934–4770
Fax: 402–933–9630
Email: agriffith@ddlawgroup.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Omaha**
*TERMINATED: 01/06/2025*

represented by **David J. Grauman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**County of Douglas**
*TERMINATED: 01/06/2025*

represented by **Dana N. Livingston**
DOUGLAS COUNTY ATTORNEY'S
OFFICE

Civil Division
1717 Harney Street
Suite 600
Omaha, NE 68183
402–444–3992
Fax: 402–444–6817
Email: dana.livingston@douglascounty–ne.gov
*ATTORNEY TO BE NOTICED*

**Timothy K. Dolan**
DOUGLAS COUNTY ATTORNEY'S
OFFICE
Civil Division
1717 Harney Street
Suite 600
Omaha, NE 68183
402–444–4973
Fax: 402–444–6817
Email: Tim.Dolan@douglascounty–ne.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyler Hiipakka**                     represented by   **David J. Grauman**
*TERMINATED: 01/06/2025*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Jared R. Dean**

**Defendant**

**Omaha Police Department**           represented by   **David J. Grauman**
*TERMINATED: 01/06/2025*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Bellevue Police Department**        represented by   **Ryan M. Kunhart**
*TERMINATED: 01/06/2025*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Alison C. Griffith**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/25/2024 | 1 | COMPLAINT *St. Thomas. Group, Inc.* against All Defendants ( Filing fee $ 405, receipt number CNEDC–5150287), by Attorney Thomas C. Dorwart on behalf of St. Thomas Group, Inc.(Dorwart, Thomas) (Entered: 08/25/2024) |
| 08/26/2024 | 2 | |

| | | TEXT NOTICE OF JUDGES ASSIGNED: Chief Judge Robert F. Rossiter, Jr. and Magistrate Judge Jacqueline M. DeLuca assigned. In accordance with 28 U.S.C. 636(c)(2), the parties are notified that, if all parties consent, a magistrate judge may conduct a civil action or proceeding, including a jury or nonjury trial, subject to the courts rules and policies governing the assignment of judges in civil cases. See Fed. R. Civ. P. 73; NEGenR 1.4. (LRM) (Entered: 08/26/2024) |
|---|---|---|
| 08/26/2024 | 3 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Plaintiff St. Thomas Group, Inc. Pursuant to Fed. R. Civ. P. 7.1, non−governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov/forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires.(LRM) (Entered: 08/26/2024) |
| 09/10/2024 | 4 | Summons Requested as to City of Omaha regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/10/2024) |
| 09/10/2024 | 5 | Summons Requested as to Scott Lane, Patrick Benson, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, County of Douglas, Tyler Hiipakka, Jared R. Dean regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/10/2024) |
| 09/10/2024 | 6 | Summons Requested as to Omaha Police Department regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/10/2024) |
| 09/10/2024 | 7 | Summons Requested as to Bellevue Police Department, Captain Jay Kirwan regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/10/2024) |
| 09/11/2024 | 8 | Summons Requested as to Bellevue Police Department regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 9 | Summons Requested as to Captain Jay Kirwan regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 10 | Summons Requested as to City of Omaha regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 11 | Summons Requested as to County of Douglas regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 12 | Summons Requested as to Jared R. Dean regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 13 | Summons Requested as to Kevin Mulcahy regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 14 | Summons Requested as to Mayor Jean Stothert regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 15 | Summons Requested as to Michael Champion regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 16 | |

| | | |
|---|---|---|
| | | Summons Requested as to Omaha Police Department regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 17 | Summons Requested as to Patrick Benson regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 18 | Summons Requested as to Scott Lane regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 19 | Summons Requested as to Steve Anderson regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 20 | Summons Requested as to Tyler Dewaele regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/11/2024 | 21 | Summons Requested as to Tyler Hiipakka regarding Complaint 1 . (Dorwart, Thomas) (Entered: 09/11/2024) |
| 09/12/2024 | 22 | Summons Issued as to defendants Steve Anderson, Bellevue Police Department, Patrick Benson, Michael Champion, City of Omaha, County of Douglas, Jared R. Dean, Tyler Dewaele, Tyler Hiipakka, Jay Kirwan, Scott Lane, Kevin Mulcahy, Omaha Police Department, and Jean Stothert. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (LRM) (Entered: 09/12/2024) |
| 10/15/2024 | 23 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Attorney Ryan M. Kunhart on behalf of Defendants Bellevue Police Department, Jay Kirwan.(Kunhart, Ryan) (Entered: 10/15/2024) |
| 10/15/2024 | 24 | BRIEF in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 23 by Attorney Ryan M. Kunhart on behalf of Defendants Bellevue Police Department, Jay Kirwan.(Kunhart, Ryan) (Entered: 10/15/2024) |
| 10/15/2024 | 25 | NOTICE of Appearance by Attorney Alison C. Griffith on behalf of Defendants Bellevue Police Department, Jay Kirwan (Griffith, Alison) (Entered: 10/15/2024) |
| 10/18/2024 | 26 | NOTICE of Appearance by Attorney David J. Grauman on behalf of Defendants Steve Anderson, Michael Champion, City of Omaha, Tyler Dewaele, Tyler Hiipakka, Scott Lane, Kevin Mulcahy, Omaha Police Department, Jean Stothert (Grauman, David) (Entered: 10/18/2024) |
| 10/18/2024 | 27 | MOTION for Extension of Time to File a Responsive Pleading by Attorney David J. Grauman on behalf of Defendants Steve Anderson, Michael Champion, City of Omaha, Tyler Dewaele, Tyler Hiipakka, Scott Lane, Kevin Mulcahy, Omaha Police Department, Jean Stothert.(Grauman, David) (Entered: 10/18/2024) |
| 10/18/2024 | 28 | TEXT ORDER granting 27 Unopposed Motion for Extension of Time to File Responsive Pleading. Defendants the City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, Tyler Hiipakka, and the Omaha Police Department shall file a responsive pleading on or before November 1, 2024. Ordered by Magistrate Judge Jacqueline M. DeLuca. (KLM) (Entered: 10/18/2024) |
| 10/18/2024 | 29 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Attorney Timothy K. Dolan on behalf of Defendant County of Douglas.(Dolan, Timothy) (Entered: 10/18/2024) |

| | | |
|---|---|---|
| 10/18/2024 | 30 | INDEX in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 29 by Attorney Timothy K. Dolan on behalf of Defendant County of Douglas. (Attachments:<br># 1 Exhibit 1. Affidavit of Timothy Dolan,<br># 2 Exhibit Attachment a. Complaint,<br># 3 Exhibit Attachment b. Decree of Foreclosure,<br># 4 Exhibit Attachment c. Motion to Confirm Sale,<br># 5 Exhibit Attachment d. Objection to Motion to Confirm Sale,<br># 6 Exhibit Attachment e. Order Confirming Sale,<br># 7 Exhibit Attachment f. Notice of Appeal,<br># 8 Exhibit Attachment g. NE Court of Appeals Mandate,<br># 9 Exhibit Attachment h. Motion to Enforce Appellate Order,<br># 10 Exhibit Attachment i. Verified Motion and Affidavit for Temporary Restraining Order,<br># 11 Exhibit Attachment j. District Court's Judgment on the Mandate from Court of Appeals of Nebraska,<br># 12 Exhibit Attachment k. Order to Release Funds)(Dolan, Timothy) (Entered: 10/18/2024) |
| 10/18/2024 | 31 | BRIEF in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 29 by Attorney Timothy K. Dolan on behalf of Defendant County of Douglas.(Dolan, Timothy) (Entered: 10/18/2024) |
| 11/01/2024 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Attorney David J. Grauman on behalf of Defendants City of Omaha, Tyler Hiipakka, Omaha Police Department, Scott Lane, Kevin Mulcahy, Steve Anderson, Jean Stothert, Michael Champion, Tyler Dewaele.(Grauman, David) (Entered: 11/01/2024) |
| 11/01/2024 | 33 | BRIEF in support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 32 by Attorney David J. Grauman on behalf of Defendants City of Omaha, Tyler Hiipakka, Omaha Police Department, Scott Lane, Kevin Mulcahy, Steve Anderson, Jean Stothert, Michael Champion, Tyler Dewaele.(Grauman, David) (Entered: 11/01/2024) |
| 11/15/2024 | 34 | OBJECTION *to Motion to Dismiss* by Attorney Thomas C. Dorwart on behalf of Plaintiff St. Thomas Group, Inc..(Dorwart, Thomas) (Entered: 11/15/2024) |
| 11/20/2024 | 35 | REPLY regarding OBJECTION *to Motion to Dismiss* 34 by Attorney Ryan M. Kunhart on behalf of Defendants Bellevue Police Department, Jay Kirwan.(Kunhart, Ryan) (Entered: 11/20/2024) |
| 11/25/2024 | 36 | MOTION for Default Judgment against City of Omaha, et. al. by Attorney Thomas C. Dorwart on behalf of Plaintiff St. Thomas Group, Inc..(Dorwart, Thomas) (Entered: 11/25/2024) |
| 11/25/2024 | 37 | BRIEF in opposition to *Plaintiff's Motion for Default Judgment* by Attorney Timothy K. Dolan on behalf of Defendant County of Douglas.(Dolan, Timothy) (Entered: 11/25/2024) |
| 11/27/2024 | 38 | BRIEF in opposition to *Plaintiffs' Motion for Default Judgment* by Attorney David J. Grauman on behalf of Defendants City of Omaha, Tyler Hiipakka, Omaha Police Department, Scott Lane, Kevin Mulcahy, Steve Anderson, Jean Stothert, Michael Champion, Tyler Dewaele.(Grauman, David) (Entered: 11/27/2024) |
| 12/05/2024 | 39 | |

| | | |
|---|---|---|
| | | MEMORANDUM AND ORDER denying plaintiffs' Motion for Default Judgment (Filing No. 36 ). Ordered by Chief Judge Robert F. Rossiter, Jr. (JSF) (Entered: 12/05/2024) |
| 01/02/2025 | 40 | SHOW CAUSE ORDER Plaintiffs shall have until January 30, 2025 to show cause why the claims against Benson and/or Dean should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order may result in dismissal of the claims against Benson and/or Dean without further notice. Ordered by Magistrate Judge Jacqueline M. DeLuca. (LRM) (Entered: 01/02/2025) |
| 01/06/2025 | 41 | MEMORANDUM AND ORDER that defendants Bellevue Police Department and Captain Jay Kirwan's Motion to Dismiss Plaintiffs' Complaint (Filing No. 23 ) is granted. Defendant Douglas County's Motion to Dismiss (Filing No. 29 ) is granted. Defendants City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, Tyler Hiipakka, and Omaha Police Department's Motion to Dismiss (Filing No. 32 ) is granted in part and denied in part. Bellevue Police Department, Omaha Police Department, Captain Kirwan, and Douglas County are dismissed from this matter with prejudice. Plaintiffs St. Thomas Group, Inc. and Vitaly Ekwen's § 1983 claims against City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, and Tyler Hiipakka are dismissed with prejudice. The plaintiffs' state constitutional claims against City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, and Tyler Hiipakka are dismissed without prejudice to their timely refiling in state court. Ordered by Chief Judge Robert F. Rossiter, Jr. (JSF) (Entered: 01/06/2025) |
| 02/02/2025 | 42 | NOTICE OF APPEAL regarding Memorandum and Order,,,,, Terminate Motion and R&R Deadlines/Hearings,,,,, Add and Terminate Parties,,,, 41 by Attorney Thomas C. Dorwart on behalf of Plaintiff St. Thomas Group, Inc.. (Dorwart, Thomas) (Entered: 02/02/2025) |
| 02/02/2025 | | INTERLOCUTORY APPEAL regarding Notice of Appeal to USCA 42 . This event corrects the docket entry of Notice of Appeal 42 – filer selected incorrect event. In the future, use the Interlocutory Appeal event. (LRM) (Entered: 02/03/2025) |
| 02/11/2025 | 43 | MOTION for Leave to Appeal in forma pauperis by Attorney Thomas C. Dorwart on behalf of Plaintiffs Vitaly Ekwen, St. Thomas Group, Inc..(Dorwart, Thomas) (Entered: 02/11/2025) |
| 02/13/2025 | 44 | FINDINGS AND RECOMMENDATION To the Honorable Robert F. Rossiter, Jr., Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiffs' claims against Benson and Dean be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution without further notice. The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Courts adoption of the recommendation. Ordered by Magistrate Judge Jacqueline M. DeLuca. (LRM) (Entered: 02/13/2025) |
| 02/14/2025 | 45 | ORDER Ekwen has not informed the Court of his financial circumstances at all, nor even attempted to satisfy the other requirements of Rule 24(a)(1). His motion to appeal in forma pauperis (Filing No. 43 ) is therefore denied without prejudice. Ordered by Chief Judge Robert F. Rossiter, Jr. (LRM) (Entered: 02/14/2025) |
| 02/14/2025 | 46 | |

NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Memorandum and Order 41 , Order on Motion for Leave to Appeal in forma pauperis 45 , Notice of Appeal to USCA 42 . Notice of Appeal filed on 02/02/2025. (LRM) (Entered: 02/14/2025)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ST. THOMAS GROUP, INC. and
VITALY EKWEN,

        Plaintiffs,

v.

CITY OF OMAHA, SCOTT LANE,
PATRICK BENSON, STEVE ANDERSON,
KEVIN MULCAHY, TYLER DEWAELE,
MICHAEL CHAMPION, MAYOR JEAN
STOTHERT, COUNTY OF DOUGLAS,
TYLER HIIPAKKA, JARED R. DEAN,
OMAHA POLICE DEPARTMENT,
BELLEVUE POLICE DEPARTMENT, and
CAPTAIN JAY KIRWAN,

        Defendants.

**8:24CV331**

**MEMORANDUM
AND ORDER**

On August 25, 2024, plaintiffs St. Thomas Group, Inc. ("St. Thomas Group") and Vitaly Ekwen ("Ekwen" and together, the "plaintiffs") brought this lawsuit (Filing No. 1) alleging violations of their rights to equal protection and due process under the United States and Nebraska Constitutions. *See* U.S. Const. art. 14, § 1; Neb. Const. art. I, §§ 3, 25. They claim defendants City of Omaha ("Omaha" or the "city"), Scott Lane ("Lane"), Patrick Benson ("Benson"), Steve Anderson ("Anderson"), Kevin Mulcahy ("Mulcahy"), Tyler Dewaele ("Dewaele"), Michael Champion ("Champion"), Mayor Jean Stothert ("Mayor Stothert"), County of Douglas ("Douglas County"), Tyler Hiipakka ("Hiipakka"), Jared R. Dean ("Dean"), Omaha Police Department ("OPD"), Bellevue Police Department ("BPD"), and Captain Jay Kirwan ("Captain Kirwan" and altogether, the "defendants") discriminated against them "on an ongoing basis since at least 2017" through their involvement in the inspection, taxation, foreclosure, and demolition of properties owned by the plaintiffs.

Now before the Court are the motions to dismiss filed by (1) BPD and Captain Kirwan (together, the "Bellevue defendants") (Filing No. 23), (2) Douglas County (Filing No. 29), and (3) Omaha, Lane, Anderson, Mulcahy, Dewaele, Champion, Mayor Stothert, Hiipakka, and OPD (collectively, the "Omaha defendants") (Filing No. 32).[1]  *See* Fed. R. Civ. P. 12(b).  For the reasons that follow, those motions are largely granted.

## I.    BACKGROUND[2]

St. Thomas Group is a Nebraska company engaged in computer sales and repairs, construction, renovation, and home rentals.  Ekwen, a man of Nigerian descent, is its president.  According to their complaint, the plaintiffs own various properties in Omaha, Nebraska, including parcels located at 4635 Grand Avenue (the "4635 Grand Ave. property"), 6301 North 33rd Street (the "6301 N. 33rd St. property"), 3740 North 40th Street (the "3740 N. 40th St. property"), 3947 North 40th Street (the "3947 N. 40th St. property"), and 3525 North 28th Street (the "3525 N. 28th St. property").  They claim officials improperly handed purported housing violations at each of these properties.

### A.    The 3740 N. 40th St. Property

In 2016, a house cleaner the plaintiffs hired robbed the 3740 N. 40th St. property and reported false housing violations to the city.  Two city inspectors then came to the property and posted notices of various violations without inspecting the property.

---

[1]Neither Benson nor Dean have moved to dismiss the complaint or otherwise appeared in this matter.  As the magistrate judge in this case noted, the plaintiffs have failed to file proof that Benson or Dean were ever properly served.  *See* Fed. R. Civ. P. 4(l)-(m) (generally requiring the plaintiff submit proof of service and giving them 90 days from the time the complaint is filed to do so).  As such, the magistrate judge entered a Show Cause Order (Filing No. 40) on January 2, 2025, giving the plaintiffs until January 30, 2025, "to show cause why the[ir] claims against Benson and/or Dean should not be dismissed."

[2]At the motion-to-dismiss stage, the Court assumes "the well-pleaded factual allegations in the [plaintiffs'] complaint are true."  *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024).  "Legal conclusions couched as factual allegations" are not presumed to be true. *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (quoting *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)).

Eventually, Ekwen got a hold of city inspectors who stated the notices were made based on unverified tips. Upon speaking with city housing inspectors Anderson and Lane, Lane informed Ekwen that the city would withdraw the notices. The plaintiffs further allege a painter they hired also reported the property to the city in 2017, leading to more notices of unverified housing violations.

### B.    The 3947 N. 40th St Property

Around that time, the plaintiffs had been refurbishing the 3947 N. 40th St. property and advertised its rental availability. The plaintiffs later evicted a tenant of that property for not paying rent. According to the plaintiffs, the tenant damaged the property and filed false accusations of housing violations to the city. The plaintiffs received a notice of violations, though the city improperly addressed the notice to the property's previous owner. Anderson came to the property and worked through some concerns with Ekwen, noting a few remaining violations caused by the tenant. The plaintiffs called the city inspectors' office to explain what happened to the property and ask for time to make repairs.

The 3947 N. 40th St. property was at issue again in 2022. In June of that year, a neighbor informed the plaintiffs that a violations notice was taped to the property. Ekwen spoke to city inspector Mulcahy about the notice, who notified Ekwen that he needed to replace the property's water-heater connection with copper pipe. On July 12, 2022, Ekwen met with Mulcahy for an inspection of the property, at which Mulcahy advised him of plumbers that may be able to help with the requisite repairs.

On July 27, 2022, city inspector Dave Lloyd ("Lloyd") reinspected the property. Lloyd approved the water-heater connection but cited additional violations. The plaintiffs scheduled further repairs and inspections. A trial was held in August 2023 in state court at which the plaintiffs presented evidence they had repaired various issues with the property. Still, the plaintiffs claim the city's witnesses "repeatedly lied on the stand, claiming such repairs were not done."

A few months later, the plaintiffs discovered vandalism and theft at the property. The plaintiffs claim that neighbors "attributed [the damage] to individuals claiming to be sent by the [c]ity" on two separate occasions that fall. On November 1, 2022, the city began demolishing the property. Assistant city attorney Hiipakka raised additional concerns about the property with the plaintiffs in 2023, and the plaintiffs continued attempting to repair the property. Despite their efforts, housing inspector Dewaele purportedly provided false testimony in state-court proceedings regarding a slew of deficiencies with the property. The plaintiffs claim that Anderson and Lane also lied under oath in confirming Dewaele's testimony.

According to the plaintiffs, the city has continued to damage the property and schedule it for demolition. The plaintiffs have no access to the property and have been unable to retrieve their materials, tools, and equipment. They also allege that BPD, "headed by Captain [] Kirwan," conducted "what was essentially a training raid" at the property in July 2024 during which "officers broke windows and damaged doors." The plaintiffs state the city authorized BPD's raid and did so based on an unfounded assertion that Ekwen was "potentially armed and dangerous." The incident made Ekwen feel "humiliated and discriminated against."

### C.    The 6301 N. 33rd St. Property

In 2018, Ekwen visited the 6301 N. 33rd St. property to some commotion. The plaintiffs claim that, despite having been introduced to Ekwen previously, two neighbors questioned his ownership of the property. They called OPD and reported that Ekwen was attempting to rob the property. OPD detained Ekwen for several hours. His complaints to Mayor Stothert's office regarding this incident went unanswered.

In 2019, one of those neighbors was living in the property without the plaintiffs' permission. When approached by the plaintiffs, the neighbor left the property and reported it to the city housing inspector, claiming it was worn down. The city then allegedly sent Anderson and others with machinery to demolish the property without notice. The

plaintiffs successfully halted the demolition after weeks of appeals, but damage had already been done.

### D.    The 4635 Grand Ave. Property

The plaintiffs claim the 4635 Grand Ave. property has also been a target of the city's ire.  The plaintiffs stored various equipment and materials in three 40-foot trucks parked at this and other properties.  The plaintiffs allege that the city seized these materials.  The plaintiffs filed a claim under the Political Subdivision Tort Claims Act ("PSTCA"), *see* Neb. Rev. Stat. § 13-901 *et seq.*, but were never able to retrieve their property from the city. *See* Neb. Rev. Stat. § 13-905 (requiring a claimant to file notice of their PSTCA claim "with the clerk, secretary, or other official . . . of the political subdivision" before filing a lawsuit).

In a conversation with housing inspector Champion in December 2021, Ekwen learned that notices of housing violations concerning the 4635 Grand Ave. property were erroneously sent to the property's previous owners.  The plaintiffs therefore failed to receive notice of issues with the property.  Champion admitted the mistake, sent a list of the violations to the plaintiffs via email, and gave the plaintiffs a week to complete the necessary repairs.  Amid demolition threats from the city, the plaintiffs completed those repairs in a timely manner and asked for the property to be reinspected.  According to the plaintiffs, Champion retorted to Ekwen, "You haven't seen it all yet; I'm gonna deal with you."

The plaintiffs challenged the city's actions in state court, obtaining a "Temporary and Permanent Restraining Order" with regard to the 4635 Grand Ave. property.  The city moved for the restraining order to be dismissed.  The plaintiffs did not receive notice of the proceedings and were unable to defend the order.  Without any reinspection, the city proceeded to demolish the property between May 2022 and November 2022, making further repairs impossible.  The plaintiffs claim they did not receive sufficient notice of the demolition to be able to remove their belongings from the property, leading to the city's seizure of their materials, tools, and equipment.  The plaintiffs also believe false claims

made by a neighbor—who they allege made racist remarks—led to the demolition of the property.

During that time, Ekwen visited the city housing inspectors' office to meet with a supervisor and discuss the property's demolition. The plaintiffs aver he was handcuffed, forcibly escorted from the building by security, and suffered a seizure due to his pre-existing neuropathy condition. They claim police also mistreated Ekwen by refusing to help and dragging him by his pants.

Sometime in 2022, the plaintiffs filed a PSTCA claim regarding the demolition of the 4635 Grand Ave. property and seizure of their belongings. Ekwen also made numerous complaints to Mayor Stothert's office. They received no response from the city.

### E.    The 3525 N. 28th Ave. Property

In February 2018, the Omaha Municipal Land Bank ("OMLB") filed a Complaint for Foreclosure of a Tax Lien against the plaintiffs in the District Court of Douglas County over the 3525 N. 28th Ave. property. The OMLB used an incorrect address when attempting to effectuate service, so the plaintiffs never received notice of the complaint. They only became aware of the matter in November 2019, at which time they promptly prepared an Objection to the Foreclosure and Sale of the property.

On October 14, 2021, the Nebraska Court of Appeals reversed the decision of the District Court of Douglas County to confirm the sale and granted possession of the property to the plaintiffs. *See Omaha Mun. Land Bank v. Ekwen*, 967 N.W.2d 724, 733 (Neb. Ct. App. 2021). The property was finally returned to the plaintiffs on September 30, 2022. In the plaintiffs' eyes, the OMLB therefore legally owned the property between 2019 and 2022. Despite this, the city continued to assess property taxes for the 3525 N. 28th Ave. property against the plaintiffs. The plaintiffs paid $13,942.49 in property taxes in December 2021 but complain of the city's refusal to apply tax credits to the plaintiffs' account and dispute they should have been billed those taxes in the first place.

The plaintiffs report the city has since seized their belongings, demolished the property without proper notice, and invoiced them for demolition costs.

F.    **The Lawsuit**

The plaintiffs initiated this action in this Court on August 25, 2024. Though far from a model of clarity, their complaint indicates the plaintiffs "pray for an Order granting Damages and Restitution for Defendant's [*sic*] Unconstitutional Conversion of Plaintiffs' properties, Negligence, Discrimination, and Due Process Violations."

The plaintiffs requested summonses throughout early September. *See* NECivR 4.1. On October 15, 2024, the Bellevue defendants moved to dismiss their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Douglas County's Rule 12(b)(6) motion followed on October 18, 2024. After receiving an extension (Filing No. 28), the Omaha defendants moved to dismiss the plaintiffs' complaint on November 1, 2024.[3]

The Bellevue defendants assert dismissal is warranted because (1) BPD is not a suable entity, (2) the plaintiffs' claims against Captain Kirwan fail to allege an unconstitutional policy or custom, and (3) the plaintiffs' formulaic allegations fail to set forth facts showing they violated their constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (providing a local government may only be sued under 42 U.S.C. § 1983 for injuries inflicted by the "government's policy or custom"). For its part, Douglas County avers the plaintiffs were never divested of ownership over the 3525 N. 28th Ave. property based on the Nebraska Court of Appeals' decision. It also argues that the plaintiffs fail to allege that Douglas County maintained an unconstitutional policy or custom and violated their due process and equal protection rights. *See id.*

---

[3]The plaintiffs have not yet filed any proof of service as required by Federal Rule of Civil Procedure 4(l). Though the Omaha defendants state they were served on September 27, 2024, there is no indication the other defendants were ever properly served in this matter. The Court warned the plaintiffs of this deficiency on December 5, 2024, and advised them to comply with the applicable rules to no avail.

The Omaha defendants similarly believe the plaintiffs have failed to allege liability under *Monell*. They further argue that the plaintiffs' claims are barred under the PSTCA and that OPD is not a suable entity. The Omaha defendants and Douglas County also take the position that the plaintiffs' claims are barred by res judicata.

By and large, the plaintiffs have failed to meaningfully oppose these motions. On November 15, 2024, the plaintiffs filed a cursory and untimely "Objection" to the Bellevue defendants' motion to dismiss (Filing No. 34). *See* NECivR 7.1(b)(1)(A)-(B) (explaining a party opposing a motion to dismiss has 21 days to oppose that motion and "must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing"), (B) (giving a nonmovant 21 days to file a brief opposing a motion to dismiss). Still, they have failed to respond to most of the proffered arguments for dismissal and have completely failed to oppose Douglas County's and the Omaha defendants' motions. The time to oppose those motions lapsed in November 2024. *See id.* 7.1(b)(1)(B) (providing a brief opposing a motion "must be filed and served within 14 days after the motion and supporting brief are filed and served").

Even more confusingly (and, frankly, frivolously), the plaintiffs moved for default judgment (Filing No. 36) on November 25, 2024, briefly asserting the Omaha defendants, Douglas County, Benson, and Dean had failed "to file a responsive pleading to [their] Complaint." *See* Fed. R. Civ. P. 55; NECivR 55.1. The Omaha defendants and Douglas County promptly opposed their motion (Filing Nos. 37, 38). On December 5, 2024, the Court denied the plaintiffs' request for default judgment (Filing No. 39), explaining that the time to file an answer "is suspended" upon the filing of a Rule 12 motion "until the court issues a ruling on th[at] motion." NECivR 12.1; *see also* Fed. R. Civ. P. 12(a)(4). At that time, the Court also noted the plaintiffs' failure to acknowledge the Omaha defendants' and Douglas County's motions to dismiss or file a Corporate Disclosure Statement as required by Federal Rule of Civil Procedure 7.1(a)(1).

As of this date, the Court has still not heard more than a peep from the plaintiffs throughout the life of this case.  In light of the asserted Rule 12(b)(6) arguments and the lack of meaningful opposition from the plaintiffs—or, for that matter, any attempt by the plaintiffs to follow federal and local rules—the Court finds the complaint should be dismissed as to the Bellevue defendants, the city defendants, and Douglas County.

## II.    DISCUSSION

### A.    Standard of Review[4]

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In interpreting that rule, the Supreme Court has stated that—to survive a Rule 12(b)(6) motion—a complaint must allege sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court assumes the truth of well-pleaded factual allegations at this stage, a complaint's "threadbare recitals of [] elements" or "conclusory statements" will not nudge a claim over the plausibility threshold.  *Id.*

The Court's analysis at this stage focuses on the content within the four corners of the plaintiffs' complaint.  *See Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 954 (8th Cir. 2020).  Evidence or statements outside of the complaint, including factual statements in briefs, are generally not considered.  *See Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1370 (8th Cir. 2022) (adding that a district court may sometimes consider "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings" (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012)); *see also Henthorn v.*

---

[4]Some of the defendants' arguments for dismissal arise under Rule 12(b)(1).  *See Dion v. City of Omaha*, 973 N.W.2d 666, 680 (Neb. 2022) (stating if one of the PSTCA's exemptions apply, "the political subdivision is immune from the claim and the proper remedy is to dismiss it for lack of subject matter jurisdiction").  The Court does not reach those issues for the reasons described more fully below.

*Dep't of Navy*, 29 F.3d 682, 687-88 (D.C. Cir. 1994) (discussing the case law that suggests "factual allegations in briefs . . . may never be considered when deciding a 12(b)(6) motion").

The plaintiffs' failure to properly oppose the pending motions does not itself warrant granting dismissal. *See* NECivR 7.1(b)(1)(C) ("Failure to file an opposing brief is not considered a confession of a motion."); *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). *But see Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) (explaining that some district courts in the Eighth Circuit treat the "failure to respond to arguments raised in a motion to dismiss [as] an abandonment of that claim or concession to the opposing arguments" (internal quotation omitted)). For the most part, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Pomerleau v. W. Springfield Pub. Schs.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *Vega–Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003)). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion [usually] does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *accord Union Elec. Co.*, 135 F.3d at 1213 (stating when a dispositive motion is unopposed, the district court should "proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken").

### B.    Analysis

#### 1.    Claims Against OPD and BPD

Whether a state entity is suable in federal court depends on the law of the forum state. *See* Fed. R. Civ. P. 17(b)(3). "Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." 56 Am. Jur.

10

2d Municipal Corps. § 725 (2024); *see also Ketchum v. City of W. Memphis*, <u>974 F.2d 81,</u> <u>82</u> (8th Cir. 1992) (concluding a local police department was not a suable entity but "simply [a] department[] . . . of the City government). This Court has consistently held that Nebraska law does not grant city police departments the capacity to sue or be sued. *See Parsons v. McCann*, <u>138 F. Supp. 3d 1086, 1097-98</u> (D. Neb. 2015); *Meyer v. Lincoln Police Dep't*, <u>347 F. Supp. 2d 706, 707</u> (D. Neb. 2004). The plaintiffs have not provided any argument or authority to support a different conclusion here.

### 2.   Section 1983 Claims

The plaintiffs seem to assert federal "Discrimination and Due Process Claims" under <u>42 U.S.C. § 1983</u> against all of the defendants. They allege they "have heard derogatory and racist remarks from Defendants" for years and been "repeatedly targeted by Defendants with unfounded claims of violations on numerous properties." They also detail Ekwen's alleged encounters with local police who they claim wrongly labeled Ekwen as dangerous in a discriminatory attempt to intimidate him.

Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, <u>592 U.S. 306, 310</u> (2021). Such claims may be lodged against government officials in either their individual or official capacity. *See generally Kentucky v. Graham*, <u>473 U.S. 159, 165-66</u> (1985). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while official-capacity suits are merely "'another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell*, <u>436 U.S. at 690</u> n.55).

"[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *KD v. Douglas Cnty. Sch. Dist. No. 001*, <u>1 F.4th 591, 599</u> n.5 (8th Cir. 2021) (quoting *Alexander v. Hedback*, <u>718 F.3d 762,</u> <u>766</u> n.4 (8th Cir. 2013)). The plaintiffs' complaint contains no indication they intend to sue

the named officers in their personal capacities.  Further, the plaintiffs' factual allegations
do not even detail the individual involvement of some of those defendants.  The plaintiffs'
§ 1983 claims against the named Omaha defendants and Captain Kirwan are therefore
construed as official-capacity claims tantamount to claims "against the [officials'] public
employer[s]."  *Hedback*, 718 F.3d at 766 (quoting *Johnson v. Outboard Marine Corp.*, 172
F.3d 531, 535 (8th Cir. 1999)).

To sufficiently plead such claims, the plaintiffs must allege an official violated their
constitutional rights and that their "constitutional injur[ies were] caused by 'a government's
policy or custom.'"  *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006) (quoting *Monell*,
436 U.S. at 694); *see also Leftwich Tr. ex rel. Leftwich v. County of Dakota*, 9 F.4th 966,
972 (8th Cir. 2021) ("There can be no § 1983 or *Monell* liability absent a constitutional
violation by a City or County employee.").  A government entity like Omaha, Bellevue, or
Douglas County "may be liable under § 1983 for constitutional violations [only] if a
'violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a
deliberately indifferent failure to train or supervise.'"  *Leftwich*, 9 F.4th at 972 (quoting
*Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)).  Even assuming the
plaintiffs have adequately alleged the named officials violated their rights—which itself is
far from clear—they fail to tie any such violation to a policy or custom of Omaha, Bellevue,
or Douglas County.

First, as Captain Kirwan points out, the plaintiffs' allegations of Bellevue officials'
involvement are limited to a July 18, 2024, incident in which BPD officers purportedly
conducted a "training raid" at the 3947 N. 40th St. property.  An unconstitutional custom
generally "cannot arise from a single act."  *Crawford v. Van Buren County*, 678 F.3d 666,
669 (8th Cir. 2012) (quoting *McGautha v. Jackson Cnty., Mo., Collections Dep't*, 36 F.3d
53, 56 (8th Cir. 1994)).  Only where an official's "acts or edicts may fairly be said to
represent official policy" may a single decision or act give rise to municipal liability.

12

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *see also Rynders v. Williams*, 650 F.3d 1188, 1195 (8th Cir. 2011) (calling such claims "rare").

The plaintiffs' description of the July 18, 2024, incident is somewhat hazy. But they do not include sufficient facts demonstrating a Bellevue policy-making official made the decision to raid the property. At most, the plaintiffs imply "the City of Omaha [authorized BPD] to be on the property." In their brief objection, they fail to argue with Captain Kirwan's assertion that they "failed to allege or present the existence of a [] Bellevue policy or custom that caused the alleged deprivations." Because of this deficiency, the plaintiffs' § 1983 claims cannot survive Captain Kirwan's Rule 12(b)(6) motion.

Nor do the plaintiffs' allegations detail a policy or custom of the city underlying any purported constitutional violation they suffered. As no formal policy appears to be at issue, the plaintiffs are required to show "(1) '[t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees'; (2) '[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct'; and (3) an 'injury by acts pursuant to the governmental entity's custom.'" *Poemoceah v. Morton County*, 117 F.4th 1049, 1057 (8th Cir. 2024) (quoting *Mitchell v. Kirchmeier*, 28 F.4th 888, 899 (8th Cir. 2022)). Generously construing and assuming the truth of the plaintiffs' allegations, they assert city officials (1) issued unverified notices of housing violations on a couple of occasions, (2) began demolishing three properties with insufficient notice, (3) seized equipment and other items at three of the plaintiffs' properties, (4) gave false testimony at two proceedings, (5) authorized BPD's presence at one property, and (6) detained Ekwen following a neighbor's robbery report.

As the Court has recently had occasion to describe, an individual or entity faces an uphill battle when they attempt to allege a *Monell* claim based only on allegations of harm to themselves. *See*, *e.g.*, *Riddle v. Omaha Pub. Schs.*, No. 8:23CV547, 2024 WL 1953758, at *5 (D. Neb. April 19, 2024). That is because such alleged patterns of abuse are usually

not widespread or persistent enough to satisfy *Monell* and its progeny.  *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (stating a municipality may be liable for "practices so persistent and widespread as to practically have the force of law").  Thus, while "multiple incidents involving a single plaintiff could establish a 'custom' if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials," those instances are rare.  *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 829 (8th Cir. 2013).

The plaintiffs' allegations that the defendants have engaged in a "discriminatory pattern" against them do not suffice under these standards.  The instances of alleged abuses against the plaintiffs are not persistent or numerous enough to constitute an actionable custom.  At most, the plaintiffs' allegations detail the same type of purported violation occurred three times over the course of several years.[5]  Without more, the city cannot be held liable for actions taken by its officials.  *See Monell*, 436 U.S. at 692 (concluding "a municipality cannot be held liable solely because it employs a tortfeasor").

Finally, the plaintiffs' § 1983 claims against Douglas County also warrant dismissal.  As with their claims against the other defendants, the plaintiffs do not explicitly describe a policy or custom of Douglas County in their complaint.  Even worse, their allegations are far too vague for the Court to infer how the plaintiffs allege Douglas County caused their purported constitutional injuries.  It seems they complain of Douglas County's involvement

---

[5]"A pattern of similar constitutional violations by [] employees is ordinarily necessary to demonstrate [the] deliberate indifference" of a municipality.  *Connick*, 563 U.S. at 62; *see also Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 234 (7th Cir. 2021) ("[I]t is usually necessary in *Monell* cases to introduce evidence of a prior pattern of similar constitutional violations.").  As such, an unconstitutional custom may not be based on an alleged "pattern" of mismatched abuses.  Here, the combination of the varied actions allegedly taken against the plaintiffs cannot establish that Omaha had a "standard operating procedure" for which they might be held liable.  *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S 701, 737 (1989).

14

in the foreclosure and taxation of the 3525 N. 28th Ave. Property, but its specific role in those events is far from clear.  Neither do those allegations come close to describing a Douglas County policy or custom sufficient to state a claim.  *See Ulrich v. Pope*, 715 F.3d 1054, 1061 (8th Cir. 2013) (upholding the dismissal of a § 1983 claim where the plaintiff pointed to no facts to support his *Monell* claim "other than the example of his own arrest and detention"); *Crawford*, 678 F.3d at 669.

In sum, the plaintiffs fail to state a claim for municipal liability under § 1983 against Bellevue, Omaha, or Douglas County.  Their motions to dismiss are all granted in that respect.

### 3.   State Constitutional Claims

Finally, the plaintiffs "allege that Defendants have violated" their rights under the Nebraska Constitution.  They do not state the cause of action underlying these claims, nor specify against which defendants they are alleged.  Douglas County, for one, opines that the plaintiffs' "claims under the Nebraska constitution relate exclusively to City of Omaha officials."  Of course, the Court does not have the benefit of a response from the plaintiffs to this point.

But despite the plaintiffs' sometimes broad phrasing, the Court agrees that their allegations in this section of the complaint refer only to Omaha.  Thus, because of their focus on city officials' actions with respect to their properties and their filing of a PSTCA claim against the city, the Court will assume the plaintiffs' state-law claims are directed only at Omaha.

The Omaha defendants assert various arguments for the dismissal of the plaintiffs' state-law claims.  In their view, res judicata bars the plaintiffs' claims because they could have ostensibly been brought in their numerous state-court actions over the properties.  The Omaha defendants also argue multiple PSTCA exemptions apply, stripping the Court of jurisdiction over the plaintiffs' claims.  *See* Fed. R. Civ. P. 12(b)(1); *Garcia v. City of*

15

*Omaha*, 7 N.W.3d 188, 194 (Neb. 2024) (stating "the presence of sovereign immunity is a jurisdictional matter").

Though the Omaha defendants raise good points, the Court finds it imprudent to reach those issues following the dismissal of the plaintiffs' federal claims. Under 28 U.S.C. § 1367(c)(3), a Court "may decline to exercise supplemental jurisdiction over" a related state-law claim if it "has dismissed all claims over which it has original jurisdiction." *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In deciding whether to do so, a district court may consider a "host of factors" including "'the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Those factors usually weigh in favor of "declining to exercise jurisdiction over [] remaining state-law claims" where "all federal-law claims are eliminated before trial." *Cohill*, 484 U.S. at 350 n.7; *see also Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (explaining "when federal claims are resolved before trial, the 'normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish'" (quoting *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981))).

There doesn't appear to be any reason to part from that usual course here, especially where comity favors having a state court consider the state-law issues raised by the Omaha defendants' arguments. *See Marianist Province of U.S.*, 944 F.3d at 1003 (describing the principle that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)) (alteration in original))). The Court further finds it appropriate to decline to exercise supplemental jurisdiction over the plaintiffs' state-law claims given the plaintiffs' failure to defend those claims, meaningfully participate in this

16

action, and comply with the rules governing matters in this Court. Their state constitutional claims against the Omaha defendants will therefore be dismissed without prejudice to their timely reassertion in the appropriate state court. *See Artis v. District of Columbia*, 583 U.S. 71, 76 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court."); 28 U.S.C. § 1367(d) (explaining the tolling impact of a state-law claim's dismissal).

Thus, for the reasons described above,

IT IS ORDERED:

1. Defendants Bellevue Police Department and Captain Jay Kirwan's Motion to Dismiss Plaintiffs' Complaint (Filing No. 23) is granted.

2. Defendant Douglas County's Motion to Dismiss (Filing No. 29) is granted.

3. Defendants City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, Tyler Hiipakka, and Omaha Police Department's Motion to Dismiss (Filing No. 32) is granted in part and denied in part.

4. Bellevue Police Department, Omaha Police Department, Captain Kirwan, and Douglas County are dismissed from this matter with prejudice.

5. Plaintiffs St. Thomas Group, Inc. and Vitaly Ekwen's § 1983 claims against City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, and Tyler Hiipakka are dismissed with prejudice.

6. The plaintiffs' state constitutional claims against City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, and Tyler Hiipakka are dismissed without prejudice to their timely refiling in state court.

Dated this 6th day of January 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

17

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ST. THOMAS GROUP, INC. and VITALY EKWEN,<br><br>          Plaintiffs,<br><br>  vs.<br><br>CITY OF OMAHA, SCOTT LANE, SCOTT PATRICK BENSON, STEVE ANDERSON, KEVIN MULCAHY, TYLER DEWAELE, MICHAEL CHAMPION, MAYOR JEAN STOTHERT, COUNTY OF DOUGLAS, TYLER HIIPAKKA, JARED R. DEAN, OMAHA POLICE DEPARTMENT, BELLEVUE POLICE DEPARTMENT, and CAPTAIN JAY KIRWAN<br><br>          Defendants. | CIVIL ACTION NO. 2024 CV 00331<br><br><br><br>NOTICE OF APPEAL |

COMES NOW Plaintiff St. Thomas Group, Inc. ("Plaintiff"), by and through its attorneys of record, Thomas C. Dorwart, and hereby gives notice of this appeal of the Order of this Court dated January 6, 2025. The District Court erred in dismissing certain above-named Defendants and in dismissing certain above-named Defendants in part, and its ruling should be reversed and attorney fees awarded to Plaintiff.

Plaintiff has deposited with the Clerk the docket fees and will pay any other fees required as part of this Appeal.

DATED this 2nd day of February 2025.

1

ST. THOMAS GROUP, INC., Plaintiff,

BY:    */s/ Thomas C. Dorwart*
THOMAS C. DORWART, #25698
Dorwart Law
7305 Main St.
Ralston, NE 68127
Telephone: (402) 672-0083
Email: tomdorwart@gmail.com
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I certify that on the 2nd day of February 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered with the CM/ECF system.

    */s/ Thomas C. Dorwart*
Dorwart Law

2

```
MIME-Version:1.0
From:ned-ecf.notification@ned.uscourts.gov
To:ecf.notice@ned.uscourts.gov
Bcc:
--Case Participants: Timothy K. Dolan (gary.strain@douglascounty-ne.gov,
keelan.edwards@douglascounty-ne.gov, matt.mundt@douglascounty-ne.gov,
sarah.ross@douglascounty-ne.gov, tim.dolan@douglascounty-ne.gov), Thomas C. Dorwart
(tomdorwart@gmail.com), David J. Grauman (david.grauman@cityofomaha.org), Alison C.
Griffith (agriffith@ddlawgroup.com, mmason@ddlawgroup.com, plostaglia@ddlawgroup.com),
Ryan M. Kunhart (gabington@ddlawgroup.com, lallmendinger@ddlawgroup.com,
plostaglia@ddlawgroup.com, rkunhart@ddlawgroup.com), Dana N. Livingston
(dana.livingston@douglascounty-ne.gov, gary.strain@douglascounty-ne.gov,
keelan.edwards@douglascounty-ne.gov, matt.mundt@douglascounty-ne.gov,
sarah.ross@douglascounty-ne.gov), Magistrate Judge Jacqueline M. DeLuca
(jacquie_deluca@ned.uscourts.gov, kaitlyn_moore@ned.uscourts.gov,
nicki_wenzl@ned.uscourts.gov, tess_moyer@ned.uscourts.gov), Chief Judge Robert F.
Rossiter, Jr (allison_black@ned.uscourts.gov, jane_fischer@ned.uscourts.gov,
jeffrey_mindrup@ned.uscourts.gov, marian_frahm@ned.uscourts.gov,
robert_rossiter@ned.uscourts.gov)
--Non Case Participants: Clerk's Mailbox (clerk@ned.uscourts.gov), Financial Administrator
(jeremy_reece@ned.uscourts.gov, marcus_lee@ned.uscourts.gov,
susanne_bartmess@neb.uscourts.gov)
--No Notice Sent:

Message-Id:5347270@ned.uscourts.gov
Subject:Activity in Case 8:24-cv-00331-RFR-JMD St. Thomas Group, Inc. v. Lane et al
Interlocutory Appeal
Content-Type: text/html
```

**U.S. District Court**

**District of Nebraska**

**Notice of Electronic Filing**


The following transaction was entered on 2/3/2025 at 10:38 AM CST and filed on 2/2/2025

| | |
|---|---|
| **Case Name:** | St. Thomas Group, Inc. v. Lane et al |
| **Case Number:** | 8:24–cv–00331–RFR–JMD |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **INTERLOCUTORY APPEAL regarding Notice of Appeal to USCA [42]. This event corrects the docket entry of Notice of Appeal [42] – filer selected incorrect event. In the future, use the Interlocutory Appeal event. (LRM)**


**8:24–cv–00331–RFR–JMD Notice has been electronically mailed to:**

Alison C. Griffith &nbsp &nbsp agriffith@ddlawgroup.com, mmason@ddlawgroup.com,
plostaglia@ddlawgroup.com

Dana N. Livingston &nbsp &nbsp dana.livingston@douglascounty–ne.gov,
Gary.Strain@douglascounty–ne.gov, Keelan.Edwards@douglascounty–ne.gov,
Matt.Mundt@douglascounty–ne.gov, Sarah.Ross@douglascounty–ne.gov

David J. Grauman &nbsp &nbsp david.grauman@cityofomaha.org

Ryan M. Kunhart &nbsp &nbsp rkunhart@ddlawgroup.com, gabington@ddlawgroup.com, lallmendinger@ddlawgroup.com, plostaglia@ddlawgroup.com

Thomas C. Dorwart &nbsp &nbsp tomdorwart@gmail.com

Timothy K. Dolan &nbsp &nbsp Tim.Dolan@douglascounty−ne.gov, Gary.Strain@douglascounty−ne.gov, Keelan.Edwards@douglascounty−ne.gov, matt.mundt@douglascounty−ne.gov, Sarah.Ross@douglascounty−ne.gov

**8:24−cv−00331−RFR−JMD Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ST. THOMAS GROUP, INC., and VITALY EKWEN, | **8:24CV331** |
| Plaintiffs, | |
| v. | **ORDER** |
| PATRICK BENSON and JARED R. DEAN, | |
| Defendants. | |

Plaintiffs St. Thomas Group, Inc., and Vitaly Ekwen ("Ekwen" and together, the "plaintiffs") brought this lawsuit (Filing No. 1) alleging city officials violated their rights to equal protection and due process under the United States and Nebraska Constitutions in inspecting, taxing, and demolishing their various properties in Omaha, Nebraska. On January 6, 2025, the Court dismissed defendants the City of Omaha, County of Douglas, Omaha Police Department, Bellevue Police Department, and a slew of named officials on those defendants' motions to dismiss (Filing Nos. 23, 29, 32).[1]  *See* Fed. R. Civ. P. 12(b)(6).  In so doing, the Court dismissed the plaintiffs' federal claims with prejudice but dismissed their state constitutional claims without prejudice to their timely refiling in state court.  The plaintiffs have since appealed that decision (Filing No. 42).

Now before the Court is Ekwen's "Motion for In Forma Pauperis Designation" (Filing No. 43).  Ekwen's curt filing asks the Court to waive the filing fee on appeal due to his ongoing medical issues.

---

[1]As yet, the plaintiffs have failed to file proof of service of defendants Patrick Benson ("Benson") and Jared R. Dean ("Dean").  The magistrate judge has recommended (Filing No. 44) that the plaintiffs' claims against Benson and Dean be dismissed for want of prosecution.  *See* Fed. R. Civ. P. 4(m); NECivR 72.2(a) (giving a party 14 days to object to a magistrate judge's Findings and Recommendations).  That matter remains pending.

Federal Rule of Appellate Procedure 24(a)(1) sets forth requirements for movants seeking permission to appeal in forma pauperis, none of which have been met here.  In particular, a party moving "to appeal in forma pauperis . . . must attach an affidavit" to their motion (A) "show[ing] in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security," (B) "claim[ing] an entitlement to redress," and (C) "stat[ing] the issues that the party intends to present on appeal."  Ekwen has not informed the Court of his financial circumstances at all, nor even attempted to satisfy the other requirements of Rule 24(a)(1).  His motion to appeal in forma pauperis (Filing No. 43) is therefore denied without prejudice.

Dated this 14th day of February 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL (NOA) SUPPLEMENT
**DISTRICT OF NEBRASKA**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**Caption:**                              **Case Number:**

St. Thomas Group, Inc. v. Lane et al      8:24cv331-RFR-MDN


**Appellant**:

Vitaly Ekwen

**Attorney(s)**:

Thomas C. Dorwart
DORWART LAW FIRM
7305 Main Street
Ralston, NE 68127
402-672-0083

**Appellees:**

Patrick Benson and Jared R. Dean

**Attorney(s)**:

NA

**Court Reporter(s)**:

NA

**Please return files and documents to**:

Omaha

**Person to contact about the appeal**:

Deputy Clerk

| Length of Trial | Fee | IFP | Pending IFP |
|---|---|---|---|
| NA | N | N | N |

| Counsel | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| Retained | N | N | N |

**Criminal Cases/Prisoner Pro Se Cases only**:

**Is defendant incarcerated?**  NA

| Where? | NA |
|---|---|

**Please list all other defendants in this case if there were multiple defendants**

NA

**Special Comments**:
Interlocutory appeal

Forms-Appeal-NOA_Supplement
Approved Date: 12/22/14